SUSAN M. CHEHARDY, Judge.
 

 [2The plaintiff in this personal injury suit appeals a judgment that found the defendants liable and awarded her damages for inconvenience, but failed to award damages for her medical expenses. We affirm.
 

 FACTS AND PROCEEDINGS BELOW
 

 On February 21, 2002 Regina Dubose was in her car in a line of vehicles waiting to exit the parking lot of Cypress Village Shopping Center in Destrehan. Mark Lemoine was backing his car out of a parking space and struck Ms. Dubose’s vehicle.
 

 
 *59
 
 Ms. Dubose filed suit against Mr. Lem-oine and his insurer (Allstate Insurance Company).
 
 [1]
 
 She alleged the impact of the parking lot collision aggravated her preexisting thoracic outlet syndrome, as well as left shoulder, arm, and left cervical injuries, for which she was receiving treatment before the accident at issue here. She also alleged the accident caused her to suffer migraine headaches and caused new injuries to her lower back, feet, and toes.
 

 Prior to trial the parties stipulated the plaintiffs damages were less than $50,000.00.
 

 IsThe matter underwent a bench trial on April 5, 2007. The parties stipulated that the Allstate insurance policy was in full force and effect on the date of this accident with $50,000.00 limits, and that Blue Cross/ Blue Shield had an intervention in the suit.
 
 [2]
 
 They also stipulated to the amount of the plaintiffs medical bills, but not to a causal relationship of the medical bills to this accident. The medical bills totaled $63,584.00.
 

 At trial both Ms. Dubose and Mr. Lem-oine testified.
 

 Ms. Dubose testified she was waiting in a line of traffic to get out of the parking lot when Mr. Lemoine backed into her car. She admitted, however, that at the scene she told the investigating police officer she had been trying to pull into a parking space when the accident happened.
 

 Ms. Dubose testified she began suffering migraine headaches after the accident, and that she had never had such headaches before. On cross examination, however, she admitted her medical records show she complained of headaches to Dr. Henry Fitch, her chiropractor, on several visits in the six months preceding the date of this accident. In addition, although the plaintiff claimed she sustained new injury to her legs and feet in this accident, including foot numbness, her medical records show she had complained of such symptoms to her physician, Dr. Aida Blasini, and to Dr. Fitch several months prior to the date of this accident.
 

 Similarly, the plaintiff testified she had never been treated for neck or back problems prior to this February 2002 accident. The medical records she submitted into evidence showed only treatment dates occurring after this accident. However, upon being confronted with a complete set of medical records from the same doctors, the plaintiff admitted she had been in treatment with those doctors prior to 14the accident in this case. An MRI of the plaintiffs lumbar spine indicated the changes in that area were degenerative, and did not relate them to trauma from this accident.
 

 In addition, Dr. Blasini’s records stated the plaintiff said she was involved in another accident in May 2001.
 

 Further, Dr. Blasini’s records indicate that injections administered to Ms. Dubose for pain between March 2003 and October 2003 were related to a then-pending worker’s compensation claim. Ms. Dubose admitted the records of Dr. Blasini indicate the majority of the visits she made were for treatment in regard to the worker’s compensation claim Ms. Dubose was litigating, the result of job-related accidents she claimed to have sustained in October
 
 *60
 
 2001 and November 2001 — both dates pri- or to this accident. Ms. Dubose admitted that her worker’s compensation claim was denied and the denial was upheld on appeal, in which the appellate court found Ms. Dubose’s testimony had not been credible.
 

 We take judicial notice of that case,
 
 Cenacle Retreat House v. Dubose,
 
 04-571 (La.App. 5 Cir. 11/30/04), 888 So.2d 409,
 
 writ denied
 
 2005-0157 (La.3/24/05), 896 So.2d 1040. In it, this Court noted that at the time of the claimed work-related accidents in October-November 2001, Ms. Du-bose had pre-existing pain in her shoulders and arms from a 1996 automobile accident and subsequent surgeries to relieve thoracic outlet syndrome, and was still being treated by a chiropractor for residual problems. In addition, Ms. Dubose also had been involved in an automobile accident in April 2001.
 

 The worker’s compensation case went to trial in December 2003. Ms. Dubose testified that at no time prior to the work accidents had she complained about headaches or neck and back injuries. The trial court denied Ms. Dubose’s claim, finding Ms. Dubose failed to prove a work-related accident and causation. | sThe court also found Ms. Dubose willfully misrepresented certain facts in order to obtain worker’s compensation benefits, a violation of La. R.S. 23:1208 that resulted in forfeiture of her right to any benefits.
 

 On appeal this Court upheld the dismissal of her claim. We noted that Ms. Du-bose had been involved in another automobile accident on February 21, 2002 — the accident at issue here — from which she claimed aggravation to her neck, back, and left arm injuries. We found that Ms. Du-bose proved two work-related “accidents,” but that the worker’s compensation judge was not manifestly erroneous in finding she failed to show her medical condition was caused by the job-related accidents.
 
 Cenacle Retreat House v. Dubose,
 
 04-571 at p. 11, 888 So.2d at 411.
 

 With respect to the February 2002 automobile accident made the basis of this suit, we stated:
 

 We do not doubt that Dubose has pain in her shoulder, arm and hand area. However, her medical records prior to and after her employment with Cenacle show that her complaints have not changed in any significant manner. She suffered chronic problems with her left shoulder, arm and hand. In her testimony, Dubose stated that the two work incidents did not aggravate those conditions. Instead, she insisted that the pain was new. The medical records do not support that claim. Thus, her attempt to differentiate pain, allegedly caused from the work-related incidents from the chronic 1996 and 2002 accidents, is neither persuasive nor credible. Dubose’s credibility was further impeached by her failure to disclose the 2001 automobile accident that occurred four months before she was hired and the 2002 accident that occurred two months after her termination, when she gave her statement in May of 2002 to Keith Catha, the Summit field adjuster. In that statement, she denied several times that she had any other automobile accidents after the one in 1996. She finally disclosed the automobile accidents in her deposition. Dubose blamed her lapse of memory on the medications which she was taking at the time, which included medications that cause sleepiness. However, we note that the February 2002 | (¡automobile accident occurred only a few months before the statement was taken.
 

 Cenacle Retreat House v. Dubose,
 
 04-571 at pp. 10-11, 888 So.2d at 415.
 

 
 *61
 
 At trial of the instant case, Ms. Dubose ultimately could not point to any problems alleged to have resulted from this accident that were not present prior to this accident. Although she claimed to have struck her left shoulder in the impact of this accident, in a deposition she gave in May 2008 she denied hitting her left shoulder or any part of her body. Up until December 2003, she claimed all these injuries resulted from her work-related accident, but after the worker’s compensation case was tried she began claiming the injuries resulted from the February 2002 accident at issue here.
 

 Ms. Dubose also admitted she gave inaccurate information to the claims representative investigating her worker’s compensation claim in May 2002 — three months after this accident — when she denied having been in any other accidents since her work-related accidents, as discussed in the opinion on her worker’s compensation claim, above. She testified she was on heavy medication at the time and was confused by the questions.
 

 Mr. Lemoine testified he was going less than two miles an hour when he backed into the plaintiffs car, but he admitted he may have told the investigating police officer he was going four miles an hour. He acknowledged he admitted he was at fault to the police officer at the scene. He recalled seeing a small dent in the front fender on the passenger side of the plaintiffs car, but denied seeing the more extensive damage shown in plaintiffs photographs, which showed damage to the door on the passenger side.
 

 Mr. Lemoine testified the plaintiff did not say anything to him on the scene about being injured, and she told the police officer there was no injury. On the day 17after the accident, however, he received a phone call from Ms. Dubose. She told him the left side of her body was “locked up,” and that she had to go to physical therapy. A few weeks later, after he learned Ms. Dubose was complaining she had pain caused by the accident, he saw Ms. Dubose shopping. He saw her put groceries in her car, then lift up the hood of her car, which apparently would not start. She got her car started, and he followed her to her apartment complex and watched her carry three bags of groceries up a flight of stairs. He believed she noticed him watching her, because she started “like this neck stretching” and was “acting like” she was in pain.
 

 Mr. Lemoine also testified he did not see a line of traffic waiting behind the place in which his truck was parked, but he also did not notice Ms. Dubose’s vehicle behind him.
 

 The parties were granted time to file post-trial memoranda. The trial judge requested that the plaintiffs memorandum outline her medical treatment.
 

 On June 19, 2007 the district court rendered judgment in favor of Ms. Dubose and against Mr. Lemoine and Allstate in the amount of $2,000.00 as “inconvenience damages.” In written reasons for judgment, the trial judge found that Mr. Lem-oine was at fault, but that Ms. Dubose was not a credible witness. Specifically, the judge found as follows:
 

 Essential finding of fact:
 
 This is a minor impact accident in a parking lot.... The plaintiff was not injured nor did this minor impact accident aggravate her previous injuries. From the mid 1990’s until this accident plaintiff has been involved in two prior car accidents and one worker’s compensation related accident!,] the combination of which caused pre-existing carpel-tunnel syndrome, thoracic outlet syndrome, left shoulder and hand pain, and neck and back pain. The plaintiffs treating chiropractor, Dr. Fitch, treated plaintiff up to
 
 *62
 
 the time of this accident for her preexisting neck and back injuries.
 

 |
 
 ^Reasons for Judgment:
 
 Plaintiff was not a credible witness in this low impact accident.... Although the defendant was at fault in causing this accident, no medical expert testified at trial to establish the causation of plaintiffs alleged new injuries. Instead, plaintiff relied upon a brief medical report from her chiropractor who had already treated her extensively for neck and back pain from May 2001 until the date of this accident in February 2002. Since plaintiffs pre-existing neck and back soft tissue injuries already required extensive, recurring medical treatment up to the date of this accident, I found the plaintiffs further medical treatment following this low impact accident to be exaggerated and unrelated. Accordingly, the proof at trial did not establish aggravation of her pre-existing injuries by a preponderance of the evidence. Finally, the Court agrees with the reasons and arguments in defense counsel’s post trial memorandum which were focused, succinct and persuasive.
 
 [3]
 

 Ms. Dubose filed a timely devolutive appeal, in which she raises the following issues:
 

 (1) Did the trial court err by relying exclusively on a “credibility call” in finding no causation and that the plaintiff failed to meet her burden of proof by a preponderance of the evidence?
 

 (2) Did the trial court’s exclusion of plaintiffs medical expenses in its award of damages meet the “manifest error/clearly wrong” criteria set by the Louisiana Supreme Court in
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880 (La.1993)?
 

 With respect to the credibility issue, the plaintiff asserts that objective evidence entered into the record comports with her subjective complaints and, consequently, the trial court was unreasonable in its assessment of her credibility and its reliance solely thereon in rendering judgment.
 

 Regarding the exclusion of medical expenses, the plaintiff asserts the evidence establishes that the defendant’s negligent conduct aggravated the 1.¡plaintiff s pre-ex-isting degenerative injuries, and caused new injuries for which the plaintiff was treated. She contends her treatment began the day after the accident and continued for thirteen consecutive months thereafter. The plaintiff asserts that although the defendants alleged no causation, they did not contradict medical reports from the treating doctors, which were entered into the record by stipulation.
 

 In opposition, Mr. Lemoine and Allstate contend the trial court’s judgment should be affirmed because the plaintiff failed to meet her burden of proof and the trial court based its findings upon the lack of evidentiary support for the plaintiffs claims. They argue the trial court did not commit manifest error. The defendants point out that the plaintiff has already been found by this Court to lack credibility (in the worker’s compensation case); the plaintiff gave inconsistent testimony about her injuries in the accident, about how the accident occurred, and about her medical history; there is a lack of medical evidence connecting her injuries to this accident rather than to one of her prior accidents; and her activities are inconsistent with her allegations.
 

 
 *63
 
 LAW AND ANALYSIS
 

 Because plaintiffs urge that the trial judge fell into factual error, our standard of review is limited to the question of whether the facts found by the trier of fact are manifestly erroneous, or clearly wrong. In conducting this inquiry, we are required to review the entire record, and if that review shows that the trial court findings are reasonable we may not reverse those findings, even though we might have weighed the evidence differently had we been sitting as the trier of fact. Further, when findings are based on determinations of the credibility of witnesses, the manifest error rule demands great deference to the trier of fact’s findings because he has seen the witnesses first hand. Finally, when there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly wrong. [Citations omitted.]
 

 hfíJimerson v. Parrino,
 
 94-715, p. 2 (La.App. 5 Cir. 1/31/95), 650 So.2d 375, 376-377.
 

 “One injured through the fault of another is entitled to full indemnification for damages caused thereby. [A] defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct.” (Citations omitted.)
 
 Wainwright v. Fontenot,
 
 2000-0492, p. 5 (La.10/17/00), 774 So.2d 70, 74. “[A] verdict awarding medical expenses yet denying general damages is not per se invalid. While the courts of many states have acknowledged that such a verdict can be erroneous, they generally have rejected the factfinder’s determination as to damages only where the failure to award general damages is factually inconsistent with a reasonable reading of the record, giving due deference to the jury’s findings of fact.”
 
 Wainwright,
 
 2000-0492, p. 9, 774 So.2d at 76.
 

 When the tortfeasor’s conduct aggravates a pre-existing condition, the tort-feasor must compensate the victim for the full extent of the aggravation.
 

 There is a legal presumption that a medical condition producing the disability is presumed to have resulted from the accident if, before the accident the injured person was in good health, but shortly after the accident the disabling condition manifested itself. [Citations omitted.]
 

 Gunn v. Robertson,
 
 01-347, p. 11 (La.App. 5 Cir. 11/14/01), 801 So.2d 555, 563,
 
 writ denied,
 
 2002-0170 (La.3/22/2002), 811 So.2d 942, and 2002-0176 (La.3/22/2002), 811 So.2d 942.
 

 A tortfeasor is required to pay for medical treatment of his victim, even over treatment or unnecessary treatment, unless such treatment was incurred by the victim in bad faith. A trier of fact is in error for failing to award the full amount of medical expenses proven by the victim. A jury errs by not awarding the full amount of medical expenses incurred as a result of injuries caused by the accident when the record demonstrates that the victim has proven them by a preponderance of the evidence. [Citations omitted.]
 

 Gunn,
 
 01-347 at p. 13, 801 So.2d at 564.
 

 Here, however, we are unable to find the trial court was manifestly erroneous or clearly wrong in determining that the plaintiff failed to prove by a preponderance of the evidence that her pre-exist-ing conditions were aggravated by this accident.
 

 The reviewing court must always keep in mind that if the findings of the trial court or jury are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse, even if convinced that had it been sitting as the
 
 *64
 
 trier of fact, it would have weighed the evidence differently.
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880, 882-883 (La.1993).
 

 We have carefully examined the entire record of this case, and conclude the decision of the trier of fact against the plaintiff is based on a permissible view of the evidence. The plaintiffs case depended for the most part only on her subjective veracity. Given all the information we have reviewed, we cannot say the trial court was manifestly erroneous under the circumstances.
 

 The trial court awarded damages of $2,000.00 to the plaintiff for her “inconvenience.” The court made clear that it did not find the plaintiff to have been injured in this accident. Accordingly,
 
 Wainwright
 
 and
 
 Gunn
 
 are distinguishable. The trial court had no obligation to award any medical expenses, because the court specifically found no relationship between this accident and the plaintiffs claimed injuries.
 

 For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the plaintiff.
 

 AFFIRMED.
 

 [1]
 

 . Also named defendant was State Farm Mutual Automobile Insurance Company, the plaintiffs uninsured/underinsured motorists insurer, but she voluntarily dismissed State Farm on November 15, 2005.
 

 [2]
 

 . Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana intervened to recover payments it made for health care expenses, pursuant to its subrogation to the plaintiff's rights for those amounts.
 

 [3]
 

 . The record does not contain a copy of any post-trial memorandum from the plaintiff, although it does contain a post-trial memorandum from the defendant, to which the trial judge referred in the reasons for judgment.