LEHAN, Judge.
We affirm the summary judgment entered in favor of defendant truck owner in this suit for injuries which had allegedly been caused to plaintiff by the driver of the truck.
The record before the trial court at the summary judgment hearing established that at the time of the accident the truck was being driven without defendant’s consent and, in fact, contrary to his specific orders. Thus, contrary to plaintiff’s contention, both express and implied consent of an owner, either of which is required in this kind of case for vicarious liability of *1305 the owner, are lacking. See Pearson v. St. Paul Fire & Marine Insurance Co., 187 So.2d 343 (Fla. 1st DCA 1966).
Plaintiff also contends that a determination of defendant’s summary judgment motion was premature because plaintiff had not had an adequate opportunity to depose the driver. We disagree. The record shows that the trial judge deferred ruling on the summary judgment for nearly two months to permit such a deposition. He thereafter apparently deferred his ruling on plaintiffs motion for rehearing of the summary judgment to allow plaintiff an additional month to schedule that deposition. Plaintiff never deposed the driver although plaintiff had had the driver’s address for two months prior to the final ruling. Plaintiff engaged in no discovery from the time the complaint was filed in November 1986 until defendant’s deposition in August 1987. Under these circumstances there was no abuse of discretion in the trial court entering' the summary judgment. See DeMesme v. Stephenson, 498 So.2d 673 (Fla. 1st DCA 1986); Southern California Funding, Inc. v. Hutto, 438 So.2d 426 (Fla. 1st DCA 1983), rev. den., 449 So.2d 265 (1984).
AFFIRMED.
RYDER, A.C.J., and FRANK, J., concur.