## SEVILLA v DOMINGUEZ, et al.

### Case No. 89-24705 25

Eleventh Judicial Circuit, Dade County

July 1, 1990

### APPEARANCES OF COUNSEL

O'Conner, Sinclair, Turnstall and Lemos, PA for plaintiff

Adorno and Zeder, PA and William S. Berk, Esquire for defendant Scenic Landscaping, Inc.

### OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

#### *FINAL SUMMARY JUDGMENT IN FAVOR OF SCENIC LANDSCAPING, INC.*

THIS MATTER was heard on the Motion of the Defendant, Scenic Landscaping, Inc., ("Scenic") for Final Summary Judgment. The Court has reviewed the record and heard argument of counsel. Based on the findings of fact and conclusions of law set forth below, the Court finds there is no genuine issue as to any material fact relative to express or

implied consent and the Defendant, Scenic Landscaping is entitled to Judgment as a matter of law.

## FINDINGS OF FACT

The Court, as it must, has drawn ever inference in favor of the non-movant, the Plaintiff, Norman Sevilla ("Sevilla"). On February 25, 1989, the Plaintiff, Norman Sevilla was involved in an automobile accident in Hialeah, Florida. The Defendant, Wesley Johnson ("Johnson"), was driving a truck owned by Scenic when he was hit by a truck driven by the Defendant, Rafael Dominguez ("Dominquez"). Dominguez subsequently crashed into Sevilla's car, causing injury to Sevilla.

Scenic Landscaping is owned by Edward Cardenas ("Cardenas"). Cardenas is the only person at Scenic with authority to allow others to use Scenic's vehicles. The only person authorized to operate the truck on the date of the accident were Scenic employee, Moses Butts ("Butts") and Cardenas. Cardenas specifically instructed Butts and Butts was to use Scenic's vehicle for business purposes only. Cardenas also specifically instructed Butts not to allow Johnson, a former employee, to use the vehicle for any reason. Butts kept the keys in his drawer at home; they were not readily accessible to anyone other than him. Johnson had been specifically instructed by Cardenas that he was not to use the vehicle for any reason and was actually aware, on the date of the accident, that he was not supposed to be driving the truck.

When the accident involving Sevilla occurred, Johnson was not an employee at Scenic. He had not been regularly employed by Scenic since May of 1988, although he had taken an occasional day job with them since that time. The record reveals Johnson obtained permission from Butts to use the Chevrolet on the night of the accident to visit his (Johnson's) girlfriend.

This was contrary to Cardenas' instructions which were that the truck was not to be used by anyone other than Butts and Butts was only to use the truck for business purposes. Cardenas instructed Butts that he would be fired if he allowed the unauthorized use of the truck. Butts was not fired immediately after this incident, but was let go approximately six months later for a similar violation.

The record reveals only two instances of unauthorized use of Scenic's vehicles before the subject accident. When Cardenas discovered the first incident, which occurred long before the subject accident, he fired the employee involved (who was not one of the parties to this case).

The other incident involved Butts and Johnson. Johnson lived with Butts. One morning Johnson, contrary to the specific instructions of

190

Cardenas, took the truck for gas, but ran out of fuel. When Cardenas discovered this he was irate.

Butts and Johnson were aware of the seriousness with which Cardenas considered the unauthorized use of the vehicles. When Johnson borrowed the truck from Butts, without authorization from Cardenas, Butts told him that if anything happened Cardenas would "kill" him.

Other than the two incidents above mentioned and the subject accident, there is no evidence of a pattern, or repeated unauthorized use of the Scenic's vehicles.

## CONCLUSIONS OF LAW

The applicable law with respect to the liability of Scenic is set forth in *Allen v Shows*, 532 So.2d 1304 (2d DCA 1988). In that case,

> The record before the trial court at the summary judgment hearing established that at the time of the accident the truck was being driven without Defendant's consent and, in fact, contrary to his specific orders. Thus, contrary to Plaintiff's contention, both express and implied consent of an owner, either of which is required in this kind of case for vicarious liability of the owner, are lacking. Id at 1304-05.

*Allen* is controlling and is nearly identical to the case at bar. There is no evidence to support either express or implied consent. The truck was being driven without Cardenas' consent and contrary to his specific orders. Cardenas did not, as a matter of law, ratify the unauthorized use of the truck or impliedly give his consent to its unauthorized use. The record reveals that with respect to the two prior instances of unauthorized use, Cardenas in one fired the employee, and in the second, was "irate" and told Butts and Johnson they would be fired if there was an unauthorized use of the truck. The fact that Cardenas did not fire Butts on the spot, but fired him six months later when another instance of unauthorized use of equipment occurred does not constitute ratification or implied consent.

## CONCLUSION

In sum, the Court finds there is no genuine issue of material fact as to express or implied consent and it is ADJUDGED that Scenic Landscaping, Inc., is entitled to Final Summary Judgment as a matter of law. The Plaintiff shall take nothing by this action against Scenic Landscaping, Inc., and the Defendant, Scenic Landscaping, Inc., shall go hence without day. The Court reserves jurisdiction to consider the matter of fees and costs upon proper motion.

DONE and ORDERED this 1st day of July, 1990 at Miami, Dade County, Florida.