[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10137
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00132-RS-EMT

SYNOVUS BANK,
as successor in interest through name change
and merger with Coastal Bank and Trust of Florida,
successor by merger to Bank of Pensacola, f.k.a.
Columbus Bank and Trust Company,

                                                    Plaintiff - Appellee,

versus

CRAIG R. SIMS,
DANIEL YANNETT,

                                                    Defendants - Appellants,

MARK LYONS, III, et al.,
QUAIL LAKE DEVELOPERS LLC,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 30, 2013)

Before DUBINA, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Craig Sims and Daniel Yannette appeal the district court's grant of summary judgment in favor of Synovus Bank (Synovus) and the dismissal of their counterclaims. After thorough review, we affirm.

In 2005, Quail Lake Developers, LLC (Quail Lake) purchased property for development and, in 2011, executed and delivered a promissory note in conjunction with a loan on this property to Synovus's predecessor in interest. Sims and Yannette guaranteed Quail Lake's payment on the note. Payment became due on November 15, 2011, but neither Quail Lake, Sims, nor Yannette paid . Synovus sued, alleging Quail Lake defaulted on the note and Sims and Yannette breached their guaranties.

Quail Lake, Sims, and Yannette (collectively, the Defendants) did not dispute they had not paid the note, but instead asserted two affirmative defenses. First, they contended that because they had an extensive lending relationship with Synovus and its predecessors, Synovus had a fiduciary relationship with the Defendants that estopped it from enforcing the note. Second, the Defendants argued that the doctrine of unclean hands barred Synovus from enforcing the note because the parties had previously entered into oral agreements to avoid payment from becoming due on November 15 and Synovus, having breached those

2

agreements, cannot now enforce the note. The Defendants also counterclaimed against Synovus for fraudulent misrepresentation, negligent misrepresentation, and breach of agreement in connection with Synovus's purported agreement to prevent the note from becoming due on November 15. After discovery, Synovus moved for summary judgment on its claims and the Defendants' affirmative defenses, and requested dismissal of the Defendants' counterclaims. The district court rendered summary judgment in Synovus's favor and dismissed the counterclaims. This is Sims's and Yannette's appeal. [1]

We review a district court's grant of summary judgment *de novo*, viewing the facts and making all reasonable inferences in the light most favorable to the non-moving party. *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1247 (11th Cir. 2013). "The moving party bears the burden of establishing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law." *Id.* "The non-moving party bears the burden of presenting evidence of each essential element of his claim, such that a reasonable jury could rule in his favor." *Id.*

Sims and Yannette first assert that the district court erred in finding that Synovus did not have a fiduciary relationship with the Defendants. On appeal, the only evidence Sims and Yannette cite as establishing a fiduciary relationship is

---

[1] This court has dismissed Quail Lake from this case for want of prosecution.

Sims's statement in an affidavit that the Defendants "have had an extensive lending relationship with [Synovus and its predecessors]." But under Florida law, a long-standing business relationship, without more, "cannot transform the lender-borrower relationship into a fiduciary one." *Motorcity of Jacksonville, Ltd. v. Se. Bank, N.A.*, 83 F.3d 1317, 1340 n.21 (11th Cir. 1996) (*en banc*), *vacated on other grounds by Hess v. FDIC*, 519 U.S. 1087 (1997), *reinstated*, 120 F.3d 1140 (11th Cir. 1997) (*en banc*). Thus, Sims and Yannette have failed to present evidence from which a reasonable jury could find this affirmative defense applicable, and the district court did not err in granting summary judgment to Synovus. *See Dolphin LLC*, 715 F.3d at 1247.

Sims and Yannette next contend that the district court erred in rejecting their unclean hands affirmative defense. Sims and Yannette argue that Synovus is estopped from recovering on the note and guaranties because "Synovus's own bad acts . . . and inactions" caused the acceleration of the note. But beyond this conclusory allegation, they point to nothing in the record to indicate that Synovus engaged in "unrighteous, unconscientious, or oppressive conduct" necessary to trigger the unclean hands doctrine. *Tribeca Lending Corp. v. Real Estate Depot, Inc.*, 42 So. 3d 258, 262 (Fla. Dist. Ct. App. 2010) (internal quotation marks omitted); *see also Cong. Park Office Condos II, LLC v. First-Citizens Bank & Trust Co.*, 105 So. 3d 602, 610 (Fla. Dist. Ct. App. 2013) ("A failure to comply

4

with the material terms of a loan document may be a breach of contract, and it may not be nice, but it does not amount to unclean hands."). Sims and Yannette therefore have not met their burden and summary judgment in favor of Synovus was warranted. *See Dolphin LLC*, 715 F.3d at 1247.

Finally, Sims and Yannette argue that the district court erred in dismissing their counterclaims. We review the dismissal of a counterclaim *de novo*. *First Union Disc. Brokerage Servs., Inc. v. Milos*, 997 F.2d 835, 841 (11th Cir. 1993). The counterclaims allege that Synovus orally agreed to modify the loan agreement to prevent the principal from becoming due on November 15. Even assuming this is true, however, the counterclaims fail to state a claim under Florida law, which provides that "[a] debtor may not maintain an action on a credit agreement unless the agreement is in writing . . . ." Fla. Stat. § 687.0304(2). Hence, the district court properly dismissed the Defendants' counterclaims.

**AFFIRMED.**