# Third District Court of Appeal
## State of Florida

Opinion filed June 22, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D19-2183 & 3D19-1953 & 3D20-1281
Lower Tribunal No. 17-13209

_____

**Sterling Mirror Company, LLC, etc.,**
Appellant,

vs.

**The Jordon Glass Corporation, et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Charles M. Baron, P.A. and Charles M. Baron (Hollywood), for appellant.

GrayRobinson, P.A., and Christopher N. Johnson, for appellees.

Before EMAS, LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Volusia County v. Aberdeen at Ormand Beach, L.P.,</u>

760 So. 2d 126, 130 (Fla. 2000) ("Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law."); The Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006) ("Summary judgment is designed to test the sufficiency of the evidence to determine if there is sufficient evidence at issue to justify a trial or formal hearing on the issues raised in the pleadings."); Campbell v. Riggs, 310 So. 3d 68, 70 (Fla. 4th DCA 2021) ("[O]nce there is a motion for summary judgment that is supported by affidavit or other factual showing, the burden shifts to the opposing party to show by appropriate means that genuine and material issues do remain to be tried." (quoting Holl v. Talcott, 191 So. 2d 40, 42 (Fla. 1966))); Cong. Park Off. Condos II, LLC v. First-Citizens Bank & Tr. Co., 105 So. 3d 602, 610 (Fla. 4th DCA 2013) ("[W]hen a decree of the trial court is brought . . . on appeal the duty rests upon the appealing party to make error clearly appear." (quoting Lynn v. City of Fort Lauderdale, 81 So. 2d 511, 513 (Fla. 1955))).