# Third District Court of Appeal

## State of Florida

Opinion filed May 3, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-339
Lower Tribunal No. 20-16844
_____

**Victoria E. Brieant,**
Appellant,

vs.

**Ajax Mortgage Loan Trust 2019-E, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Jacobs Legal, PLLC, and Bruce Jacobs, for appellant.

Lamchick Law Group, P.A., and Ronald Pereira, for appellee.

Before FERNANDEZ, C.J., and SCALES and BOKOR, JJ.

PER CURIAM.

Affirmed. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (affirming where "the record brought forward by the

appellant is inadequate to demonstrate reversible error"); <u>Simmons v. Pub. Health Tr. of Miami-Dade Cnty.</u>, 338 So. 3d 1057, 1061 (Fla. 3d DCA 2022) (recognizing that Florida Rule of Appellate Procedure 1.510(a) does not require the trial court to state its reasons for granting or denying a summary judgment motion in a written order; rather, the trial court may orally state its reasons at the summary judgment hearing); <u>Chowdhury v. BankUnited, N.A.</u>, 3D22-378, 2023 WL 2777484, at *1 n.2 (Fla. 3d DCA Apr. 5, 2023) ("[T]o the extent that [defendant] relied on an affirmative defense to [plaintiff's] claim, [defendant] bore the burden of showing that the affirmative defense was applicable and, therefore, precluded entry of summary judgment. Only upon [defendant's] showing that an affirmative defense was applicable did the burden then shift back to [plaintiff] regarding that affirmative defense.") (citation omitted); <u>Cong. Park Office Condos II, LLC v. First-Citizens Bank & Tr. Co.</u>, 105 So. 3d 602, 608 (Fla. 4th DCA 2013) ("A trial court does not abuse its discretion in granting a motion for summary judgment, despite the pendency of discovery, where the non-moving party has failed to act diligently in taking advantage of discovery opportunities.").