IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 86806-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHIEL GLEN OAKES, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. [1] — This appeal raises uncommon questions about the return of an offender's property seized by law enforcement during the investigation of a crime. Appellant Michiel Oakes appeals the superior court's order that, despite returning most of his personal property to him, decreed the forfeiture of two pistols, ammunition, and a ballistic vest and declined to order the Skagit County Sheriff's Office to update a list of Oakes' personal property in its possession. We reverse the forfeiture of the vest and remand this issue for a further hearing, affirm the language of the order forfeiting the guns and bullets, and affirm the rejection of a direction to update the inventory list. In doing so, we deny the State's motion to transfer this court's clerk's file from an earlier appeal and the State's motion to supplement the record.

[1] The Honorable George Fearing is a Court of Appeals, Division Three, judge sitting in Division One pursuant to CAR 21(a).

FACTS

This proceeding began with the prosecution of appellant Michiel Oakes for first degree murder. The State alleged that Oakes, during the early morning hours of October 28, 2009, shot and killed Theodore Mark Stover (Mark Stover), the ex-husband of Oakes' girlfriend, Linda Opdycke. The killing occurred in rural Skagit County where Stover operated a dog training and boarding business. In this appeal of Michiel Oakes' motion to return property, the State asserts that the evidence in the prosecution established that, after significant planning, Michiel Oakes murdered Stover with a .22 caliber Browning pistol. According to the State, Oakes then also carried a 9mm H&K handgun and wore a ballistic vest.

In October 2010, a jury convicted Michiel Oakes of premeditated murder in the first degree for the murder of Mark Stover. The trial court sentenced Oakes to 320 months of incarceration. Paragraph 4.8 of the judgment and sentence read "[t]he firearm(s) involved in this case, _____, is (are) forfeited in accordance with the law." Clerk's Papers (CP) at 16. Paragraph 4.8 did not specify which firearms Oakes used in the homicide. In other words, the court did not fill in the blank.

Michiel Oakes appealed his conviction to this court. *State v. Oakes*, Case No. 66229-5-I (Wash. Ct. Appeals 2015) (unpublished),

2

No. 86806-3-I
*State v. Oakes*

https://www.courts.wa.gov/opinions/pdf/662295.pdf, *review denied State v.*

*Oakes*, 184 Wn.2d 1024, 361 P.3d 746 (2015).  We affirmed.

PROCEDURE

This appeal requires us to review a superior court May 7, 2024, order in response to a July 17, 2023, motion by Michiel Oakes for "return of property no longer needed for evidence" seized by the Skagit County Sheriff's Office when investigating the murder.  CP at 87.  We refer to the July 17, 2023, motion as the "return motion" and the May 7, 2024, order as the "return order."  Oakes' return motion and his proposed order accompanying his motion recognized that the State could forfeit from him the 9mm H&K handgun and the .22 caliber Browning pistol.  The motion did not designate items of property that Oakes demanded be returned.

The superior court thereafter conducted numerous hearings in response to Michiel Oakes' return motion.  On October 24, 2023, during the first hearing on the motion, the State asked what property it should return to Oakes.  Oakes replied: "I have a list of everything they took from me."  Report of Proceedings (10/24/2023) at 6.  In response, the court asked the State for a list of property seized so that any order could identify the precise property to be returned.

During a November 21, 2023, hearing, the State offered a proposed order that would direct the Sheriff's Office to return all evidence seized in the

3

investigation and that belongs to Michiel Oakes without the order identifying any of the property. The superior court commented that it had postponed the last hearing date for the State to provide a list identifying property seized and property that would not be returned. The State had failed to comply with this direction. The court continued the return motion hearing again.

In December 2023, the State filed a four-page list of property prepared by the Skagit County Sheriff's Office. The list, referred to by the parties as exhibit 2, noted that the State intended to forfeit the 9mm H&K and the .22 caliber Browning pistol, two magazines, and sixteen 9mm rounds. The list also identified a ballistic vest that the State sought to forfeit under 18 U.S.C. § 931.

On January 2, 2024, Michiel Oakes filed a brief in support of his return motion. The brief argued that 18 U.S.C. § 931 granted the State no authority to forfeit body armor.

At a January 23, 2024, hearing the parties discussed the fact that the Skagit County Sheriff's Office seized property from two locations: Michiel Oakes' former residence in Kennewick and Linda Opdycke's home in Winthrop. The State wondered if Oakes owned all of the property taken from the Winthrop residence. Oakes insisted that the State must return all property seized from both residences.

4

The proceeding to return property moved slowly. On April 16, 2024, the parties agreed to a continuation for the State to procure written confirmation that Linda Opdycke disclaimed any property interest in the items seized from both the Kennewick and Winthrop residences. Thereafter, the State confirmed that Opdycke asserted no property interest in property seized.

At a May 7, 2024, hearing, the superior court entered the return order that prompts this appeal. During the hearing, Michiel Oakes asked for an updated inventory list from the Skagit County Sheriff's Office. According to the State, it had no updated list. Both parties submitted proposed return orders. The court signed the State's proposed order, which reads in importance part:

> THE SKAGIT COUNTY SHERIFF'S OFFICE is ordered to return all evidence belonging to the defendant, which was seized in this matter, to the authorized representative of the defendant, except for the following items which were used in the commission of the crime and therefore forfeited according to paragraph 4.8 of the Judgment and Sentence and RCW 9.41.098:
> (1) H&K 9mm Pistol
> (2) 2 magazines/16 9mm rounds
> (3) Browning .22 Pistol
>
> IT IS FURTHER ORDERED that the Ballistic Vest . . . is forfeit[ed] and shall not be returned based on 18 U.S.C § 931. CP at 152-53.

## LAW AND ANALYSIS

On appeal, Michiel Oakes assigns three errors to the superior court return order. First, the court should have, but failed to, itemize the property that the

5

Skagit County Sheriff's Office must return to him. Second, the court ordered

forfeiture of the two pistols and ammunition under an erroneous legal authority.

Third, the court lacked authority to order the ballistic vest forfeited. We review

the assignments of error in such order. We reject Oakes' first two errors of

assignments and accept his third assignment of error.

Itemization

Under CrR 2.3 (e), a "person aggrieved by an unlawful search and seizure

may move the court for the return of the property on the ground that the property

was illegally seized and that the person is lawfully entitled to possession thereof."

CrR 2.3(e) also governs motions for the return of lawfully seized property. *State*

*v. McWilliams*, 177 Wn. App. 139, 150-51, 311 P.3d 584 (2013). A motion for

return of property may be made at any time, including after a determination of

guilt. *State v. Alaway*, 64 Wn. App. 796, 798-99, 828 P.2d 591 (1992). A court

may refuse to return seized property no longer needed for evidence only if (1) the

defendant is not the rightful owner; (2) the property is contraband; or (3) the

property is subject to forfeiture pursuant to statute. *State v. McWilliams*, 177 Wn.

App. 139, 150 (2013); *City of Walla Walla v. $401,333.44*, 164 Wn. App. 236,

244, 262 P.3d 1239 (2011).

Michiel Oakes first complains that the return order failed to list the items of

property to be returned. Nevertheless, Oakes cites no authority that requires the

6

superior court to itemize property in such an order. This court will not consider an issue absent argument and citation to legal authority. *King County v. Seawest Investment Associates, LLC*, 141 Wn. App. 304, 317, 170 P.3d 53 (2007).

The return order directed the Skagit County Sheriff's Office to return all property, with few exceptions, to Michiel Oakes. Oakes may enforce the order at any time and then address the superior court if he deems any property to be missing.

Basis of Pistol Forfeiture

Michiel Oakes agrees that the State possessed authority to forfeit his 9mm H&K handgun, .22 caliber Browning pistol, two magazines, and sixteen 9mm rounds. He complains, however, that the return order cited the wrong basis for the forfeiture of guns and ammunition.

The State has authority to forfeit firearms, and the superior court ordered forfeiture of the two pistols and ammunition under RCW 9.41.098. Michiel Oakes agrees the statute affords the State such authority under the statute, but he granularly contends that the order must cite the applicable subsection of RCW 9.41.098 for forfeiture authority.

RCW 9.41.098 grants forfeiture authority under a number of circumstances. The statute declares:

> (1) The superior courts . . . may order forfeiture of a firearm which is proven to be:
>
> . . . .
>
> (d) In the possession or under the control of a person at the time the person committed or was arrested for committing a felony or committing a nonfelony crime in which a firearm was used or displayed; or
>
> (i) Used in the commission of a felony or of a nonfelony crime in which a firearm was used or displayed.

Michiel Oakes contends the State relied on subsection (i) of the statute for forfeiture of both guns and the bullets and the superior court adopted the State's contention, when the only lawful basis for the forfeiture was subsection (d) of the statute. But the return order nowhere mentions subsection (i) or cites any subsection of RCW 9.41.098. The order grounds the forfeiture simply on RCW 9.41.098.

Michiel Oakes cites no legal authority for his argument that an order must identify the subsection of a statute under which the court issues the order. This court will not consider an issue absent argument and citation to legal authority. *King County v. Seawest Investment Associates, LLC*, 141 Wn. App. 304, 317 (2007).

Michiel Oakes also underscores that the return order bases the forfeiture in part on paragraph 4.8 of his judgment and sentence. Nevertheless, paragraph 4.8 left blank the identity of the firearms to be forfeited. The State answers that one may excise the blank and reasonably read the paragraph as declaring "[t]he

8

firearm(s) involved in this case are forfeited in accordance with the law." CP at 16. We need not resolve this dispute between the parties since the State held authority, under RCW 9.41.098, to forfeit the firearms regardless of any provision in the judgment and sentence.

Ballistic Vest

The May 7, 2024, order read: "IT IS FURTHER ORDERED that the Ballistic Vest . . .  is forfeit[ed] and shall not be returned based on 18 U.S.C. § 931." 18 U.S.C. § 931(a) reads:

> (a) In General. — Except as provided in subsection (b), it shall be unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is—
> (1) a crime of violence (as defined in section 16); or
> (2) an offense under State law that would constitute a crime of violence under paragraph (1) if it occurred within the special maritime and territorial jurisdiction of the United States.

CP at 39. The parties agree that the murder of Mark Stover qualified as a crime of violence for purpose of the federal statute.

Michiel Oakes contends that 18 U.S.C. § 931 affords no authority to the State to forfeit a ballistic vest. The statute only precludes possession or ownership of the vest. The State concedes Oakes' position. We accept the State's concession.

On appeal for the first time, the State argues that this court should authorize forfeiture of the ballistic vest on two grounds other than 18 U.S.C. §

9

931: RCW 10.105.010 and the doctrine of unclean hands. We address each basis in such order.

RCW 9.41.098 limits forfeiture authority to firearms and thus does not cover body armor. RCW 10.105.010 extends forfeiture authority beyond guns. The first paragraph of RCW 10.105.010(1) provides:

> (1) The following are subject to seizure and forfeiture and no property right exists in them: All personal property, including, but not limited to, any item, object, tool, substance, device, weapon, [or] machine, . . . which has been or was actually *employed as an instrumentality in the commission* of, or in aiding or abetting in the commission of any felony . . . or which was furnished or was intended to be furnished by any person in the commission of, as a result of, or as compensation for the commission of, any felony, or which was acquired in whole or in part with proceeds traceable to the commission of a felony.

The State labels the ballistic vest as an instrumentality of crime. It further argues that it may assert RCW 10.105.010 for the first time on appeal because of the principle that this court may affirm the superior court on any basis, even a basis not employed by the superior court.

We decline to affirm the superior court based on RCW 10.105.010 because the superior court entered no finding of fact that Michiel Oakes employed the ballistic vest as an instrumentality during the commission of the homicide. In turn, this court does not engage in fact-finding. *Thorndike v.*

10

*Hesperian Orchards, Inc.*, 54 Wn.2d 570, 572, 575, 343 P.2d 183 (1959); *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009).

The State highlights that the slip opinion from the first appeal lies within the clerk's papers of this second appeal. That slip opinion recites testimony from Michiel Oakes of his wearing the vest. The State asks that, instead of fact-finding, we simply declare from the slip opinion and pleadings and arguments of the parties that Oakes used the vest while committing the felony. We consider this exercise to constitute fact-finding. On remand, the State may ask the superior court for such fact-finding.

The State argues we should apply the unclean hands doctrine to preclude the return of the ballistic vest to Michiel Oakes. In response, Michiel Oakes notes that the State never forwarded unclean hands before the superior court. Also, according to Oakes, forfeiture of property is a creature of statute and must follow statutory processes. No statute authorizes the State to forfeit an offender's property based on the doctrine of unclean hands. In return, the State argues that an appellate court may affirm a trial court's ruling on any ground, even a ground not forwarded from the trial court. We agree with Michiel Oakes' second argument and do not address whether the State may raise the doctrine for the first time on appeal.

Although Michiel Oakes initiated this proceeding by a motion for return of property, the State effectively counterclaimed for a forfeiture of the guns, ammunition, and vest. The doctrine of unclean hands serves as an affirmative defense. *Congress Park Office Condos II, LLC v. First-Citizens Bank & Trust Co.*, 105 So. 3d 602, 605 (Fla. Dist. Ct. App. 2013); *Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970, 978, 90 Cal. Rptr. 2d 743 (1999). The doctrine is not a sword to gain relief from the opposing litigant.

A criminal forfeiture requires statutory authority. *State v. Richards*, 4 Wn.3d 83, 89, 559 P.3d 107 (2024). Conversely, the State may not rely on nonstatutory grounds. *State v. Alaway*, 64 Wn. App. 796, 800, 828 P.2d 591 (1992).

Washington statutes authorize the taking of property that was employed when committing the subject crime. In this sense, the offender suffers a penalty because of misconduct. Washington forfeiture statutes in essence incorporate the concept of unclean hands. But the State legislature has delimited those circumstances under which unclean hands leads to a forfeiture. No statute authorizes forfeiture solely on the nonstatutory doctrine of unclean hands.

The State cites three federal decisions that hold a court may withhold return of property utilized in a crime based on the offender's unclean hands. *United States v. Kaczynski*, 551 F.3d 1120 (9th Cir. 2009); *United States v.*

12

*Howell*, 425 F.3d 971 (11th Cir. 2005); *United States v. Felici*, 208 F.3d 667 (8th Cir. 2000). Federal law does not control here, as these decisions conflict with our state law that limits forfeiture to statutory grounds. Federal decisions do not control when such decisions vary from state law. *Killian v. Seattle Public School*, 189 Wn.2d 447, 463, 403 P.3d 58 (2017).

We also note that, if we were to consider unclean hands as a sword to accomplish a forfeiture, we would need to engage in fact-finding as to whether Michiel Oakes came to court with unclean hands for purposes of forfeiting the ballistic vest. The doctrine of unclean hands is usually a factual question. *Tran v. Nguyen*, 97 Cal. App. 5th 523, 534, 315 Cal. Rptr. 3d 607 (Cal. Ct. App. 2023); *Hicks v. Gilbert*, 135 Md. App. 394, 762 A.2d 986, 989 (2000). We do not authorize the superior court to consider unclean hands on remand. But assuming the State could employ unclean hands in support of forfeiture, the trial court should entertain the defense first.

MOTIONS

Michiel Oakes brings one motion on appeal. The State brings two motions on appeal. Oakes asks that we strike from the State's brief its citations to the trial transcript contained in the record from his earlier appeal.

In response, the State argues we should take judicial notice of the testimony contained within the report of proceedings filed in the first appeal,

*State v. Oakes*, No. 66229-5-I. The State moves for an order transferring the record from Oakes' appeal of his conviction to the record in this second, but distinct, appeal. The State also asks that we supplement the record with a declaration from Kay Walker, the detective in the Skagit County Sheriff's Office. As these motions generally relate to the parties' request that we engage in fact-finding, which we cannot do, and do not in any event change or influence any of our decisions, we deny the motions. To the extent further fact-finding is required, any resolution of such disputes must be addressed first by the superior court.

## CONCLUSIONS

We vacate that portion of the May 7, 2024, return order that forfeits the ballistic vest. We affirm the order in all other respects. We remand to the superior court for proceedings consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____ Fearing, J.

WE CONCUR:

_____ Feldman, J.

_____ Smith, J.