417 So.2d 1035 (1982)
Frederick HENSEL, Appellant,
v.
Samuel C. AURILIO, Appellee.
No. 81-969.
District Court of Appeal of Florida, Fourth District.
July 14, 1982.
Rehearing Denied August 24, 1982.
*1036 Ben L. Bryan, Jr., Fort Pierce, for appellant.
Douglas E. Gonano of McDonald, Gonano & Associates, P.A., Fort Pierce, for appellee.
HERSEY, Judge.
Appeal is taken from a mandatory injunction requiring appellant to remove portions of newly constructed buildings which encroach upon an easement/right-of-way to land owned by appellee. By way of an equitable remedy, and as an alternative to removal of the buildings, the final judgment permits appellant at his own expense to construct a roadway at another location on his property and to bear one-half the cost of its maintenance, apparently in perpetuity, for appellee's use and benefit.
Appellant initially owned a strip of land 200 feet in the north-south dimension by 1350 feet from east to west. (The dimensions we use are approximate.) The strip was eventually divided into three lots having dimensions of 200' X 450' and the easternmost lot was further subdivided into two lots, each having dimensions of 100' X 450'. The lots are graphically depicted and lettered for convenience of reference, in this manner:

 ---------------------------------
| | | |
| | | B | N
| D | C |-----------| ↑
| | | A |
| | | |
 ---------------------------------

Appellant sold lots B, C and D to appellee. Thereafter the parties entered into a written contract which provided that lot B was to be repurchased by appellant. As originally drawn, that contract provided for an easement to be retained by appellee over the south 15 feet of the lot. At appellant's insistence that provision was deleted prior to execution of the contract.
On the day of the closing, however, appellee prepared an easement deed and placed it of public record, thereby accomplishing by unilateral action what his preliminary negotiations had been unable to accomplish. Thereafter, the purchase and sale of lot B was consummated, with appellee neglecting to mention at the closing that he had attended to his easement problem. The warranty deed was subsequently recorded.
Some two years later appellant commenced the construction of two buildings on *1037 lot B which encroached upon the easement. Appellee promptly advised appellant of his claim to a right-of-way by virtue of the easement deed. Construction proceeded unabated, prompting this suit for injunctive and other relief. After trial the lower tribunal entered a final judgment, holding, in essence, that while appellee's act of surreptitiously creating the easement was "sneaky and deceitful," the easement was nonetheless legal, valid and enforceable.
An easement is a right given to or retained by the owner of land (the dominant estate) to use, for some purpose or several purposes, an interest in other land (the servient estate).
An easement has been defined to be "a privilege without profit, which the owner of one tenement has a right to enjoy in respect to that tenement in or over the tenement of another person, whereof the latter is obliged to suffer or refrain from doing something on his own tenement for the advantage of the former." Jones on Easements, § 1; 9 R.C.L. 735, par. 2.
Burdine v. Sewell, 92 Fla. 375, 109 So. 648, 652 (Fla. 1926).
Basically, an easement is brought into existence by (a) an express grant or reservation, (b) by prescription (a doctrine related to adverse possession), or (c) by implication because of necessity, either by virtue of the Common Law, or statute: § 704.01, Fla. Stat.
These elementary rules apply generally whether the easement is appurtenant or in gross and whether it is affirmative or negative (with minor exceptions immaterial here).
There is no support in the record of this case for the imposition of either an express or an implied easement. Appellee could not, while he was the owner of both the dominant and servient estates, carve out an easement by grant to himself. It is black letter law that one cannot have an easement in his own land. Winthrop v. Wadsworth, 42 So.2d 541 (Fla. 1949). See, generally, 20 Fla.Jur.2d, Easements § 1. Further, an express easement was not created by appellee's recordation even though the deed to lot B recited that it was subject to easements of record. Recording has no particular efficacy as between seller and purchaser or grantee and grantor since the purpose of recording statutes is to give notice to third persons of the status of title and related factors. Moyer v. Clark, 72 So.2d 905 (Fla. 1954); Fong v. Batton, 214 So.2d 649 (Fla. 3d DCA 1968). Likewise, the doctrine of merger will not provide a basis for an express grant or reservation of an easement since the errant easement deed was conceived, executed and recorded prior to closing and thus was not performed or satisfied by execution and delivery of the deed to lot B. Lastly, there is no competent substantial evidence to support appellee's contention that an easement was created by oral agreement with appellant. The purchase and sale agreement, before execution, provided for an easement. At appellant's insistence this requirement was deleted from the contract by striking out and initialing. It stretches credibility to its outer limits to suggest that there was a contemporaneous or immediately post-execution oral agreement for such an easement.
An easement by prescription is not contemplated by the pleadings nor supported by the evidence. Such an easement has a gestation period of twenty years, clearly not approached by the time frames established by the evidence here. Florida Power Corporation v. McNeely, 125 So.2d 311 (Fla. 2d DCA 1960), cert. den., 138 So.2d 341 (Fla. 1961).
There is similarly no basis for imposing an easement of necessity. The record discloses that at the time of conveyance of lot B to appellant title to both lots C and D was in appellee and ingress and egress was available in the form of existing roadways known as South Seventh Street and Francis Lane. Appellee argues that these roadways were insufficient to support the type of vehicles which were used to service the premises and that the vehicles constituted a traffic hazard to residents on or near Francis Lane. However, an easement of necessity, provided other conditions exist *1038 permitting its creation, may be imposed only "where there is no other reasonable and practicable" means of ingress and egress. § 704.01(1), Fla. Stat. (1981).
Even if we were to find justification in the record for the trial court's finding that an easement existed, we could not condone its enforcement. This complaint sought equitable relief. Indeed, the final judgment provided the kind of relief available only in equity. Appellee recorded his easement deed and approximately two hours later delivered to appellant a warranty deed to the property which made no reference to the easement, nor did appellee disclose to appellant his activities of the morning. He did in fact execute an affidavit which tended to negate the existence of any easement.
We therefore conclude that application of the doctrine of equitable estoppel would and here should preclude appellee from equitable relief (enforcement of an easement). As we said in North v. Culmer, 193 So.2d 701, 704 (Fla. 4th DCA 1967), "[f]rom the earliest cases the Florida Supreme Court has applied the doctrine of estoppel as a result of silence when common honesty and fair dealing demanded that a person estopped should have spoken." (Overruled on other grounds in Rinker Materials Corp. v. Palmer First National Bank & Trust Co. of Sarasota, 361 So.2d 156 (Fla. 1978).) In Doyle v. Tutan, 110 So.2d 42, 46-47 (Fla. 3d DCA 1959), application of the doctrine was explained as it applies to real property:
Equitable estoppel, so far as it relates to the trial of title to land, is a doctrine by which a party is prevented from setting up his legal title because he has through his acts, words, or silence led another to take a position in which the assertion of the legal title would be contrary to equity and good conscience.
If one man knowingly, though he does it passively by looking on, suffers another to purchase and expend money on land under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted to exercise his legal right against such person... . Coram v. Palmer, 63 Fla. 116, 58 So. 721, 722.
... .

It is also applied to prevent one who, with knowledge, accepts the proceeds of sale of his property or of property on which he has a lien or in which he is otherwise interested from disputing the validity of such sale or the title of the purchaser;... [Emphasis supplied.] 19 Am.Jur., Estoppel, § 64.
We hold that appellee was estopped from enjoying the benefits of his self-created easement.
In addition, we equate "sneaky and deceitful" with "unclean hands"; therefore, appellee's efforts to enforce his easement in equity should have been frustrated by application of the clean hands doctrine. "Equity will stay its hand where a party is guilty of conduct condemned by honest and reasonable men. Unscrupulous practices, overreaching, concealment, trickery or other unconscientous conduct are sufficient to bar relief." 22 Fla.Jur.2d, Equity, § 50.
In conclusion, a) the recorded "Easement" was not a legally effective document; b) neither agreement, prescription nor necessity entitle appellee to an easement; and c) appellee would be precluded in any event from equitable relief by application of the doctrines of clean hands and equitable estoppel.
Elimination of the easement breathes life back into the counterclaims filed by appellant and will require the trial court's attention on remand.
REVERSED and REMANDED.
BERANEK and GLICKSTEIN, JJ., concur.