WARNER, J.
As a sanction for various discovery violations, the trial court imposed $25,000 in attorney’s fees payable to appellee’s attorney within thirty days and ordered dismissal of the case if the sum was not paid. When appellant failed to pay, the trial court entered a final order of dismissal, which is the subject of this appeal. There was no evidence at the hearing on the discovery violations concerning the amount of attorney’s fees incurred by appellee for work performed in the case.
We reverse the order of dismissal on the authority of Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505 (Fla. 4th DCA 2000). In that case, the trial court awarded attorney’s fees as a sanction for discovery violations, but just as in this case, no evidence was presented to support the award. We observed that “[a]n award of attorney’s fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved.” Id. at 506; see also Hetherington v. Donner, 786 So.2d 9, 11 (Fla. 3d DCA 2001), prohibition denied, 796 So.2d 536 (Fla.2001) (noting that the trial court correctly recognized its error where it arranged for an evidentiary hearing on its order that defendants pay $75,000 to plaintiff for fees incurred as a result of the defendant’s “deleterious tactics”; the order was not originally supported by substantial competent evidence and did not contain express findings regarding the number of hours reasonably expended or the reasonable hourly rate for the type of litigation involved).
While we conclude that the evidence amply supports sanctions, when the court uses attorney’s fees as a sanction, the fees must be supported by competent substantial evidence. On remand, the trial court may consider an award of attorney’s fees or any other sanction that the facts of the case support, including dismissal. See Fla. R. Civ. P. 1.380(b).
Reversed and remanded for further proceedings.
GUNTHER, J., and STREITFELD, JEFFREY E., Associate Judge, concur.