ON MOTION FOR REHEARING AND CLARIFICATION
 

 RAMIREZ, C.J.
 

 The parties have filed motions for clarification, rehearing, and certification in connection with the opinion issued by this Court on June 24, 2009. We deny the motions for rehearing and certification but grant clarification, withdraw our previous opinion, and substitute this corrected opinion in its stead.
 

 Marisa Infante appealed the trial court’s order vacating a default final judgment. We reverse because Infante correctly asserted all of the causes of action in her complaint, and thus, the trial court improperly vacated the default final judgment on the grounds that the complaint was technically deficient.
 

 Infante filed suit in which she named various defendants. The essence of her suit involves her investment of $1.2 million so as to acquire a hotel property, convert it to a condominium property, and sell the condominium units for a profit. In her complaint, she asserted three causes of action: count 1 for an accounting, and counts II and III for civil theft.
 

 In count I, Infante alleged that Vantage Plus Corporation entered into an escrow agreement with Camner, Lipsitz & Poller, P.A., through Neale J. Poller, Esq., whereby Vantage Plus deposited $1.2 million with its escrow agent Camner. She further alleged that a lawsuit ensued which resulted in a settlement between Vantage Plus and the seller wherein Vantage Plus received an unknown sum of money. In-fante demanded an accounting of her investment. She alleged that Vantage Plus and Vantage Equity, a company through which Infante obtained an ownership interest, had failed and refused to provide her with any accounting of her investment. She further alleged that they had failed and refused to return to her $429,000 of her $1.2 million capital contribution.
 

 In counts II and III, Infante alleged that she neither authorized nor agreed to any escrow disbursements beyond $429,000, and that she did not receive any notice of any demand for escrow funds. She further alleged that she demanded the return of $771,000 from her escrow agent, and that the escrow agent failed to comply. The escrow agent instead colluded and conspired with Vantage Plus, and Vantage Plus’ officers Omar Botero and A1 Delaney to deprive her of $771,000.
 

 Infante more specifically alleged in counts II and III that her escrow agent created a fictional notice letter to her in which Vantage Plus demanded the funds in escrow, but that the escrow agent had already disbursed funds from escrow without any notice to her. She also alleged that Vantage Plus, Botero, Delaney, and the escrow agent, in furtherance of their conspiracy to defraud her, never delivered (1) a letter to her in which they demanded the escrow funds, and (2) the escrow agent’s notice letter. Thereafter, Vantage Plus, Botero, Delaney, and the escrow agent created a bogus fax confirmation sheet to represent proof of notice from the escrow agent to Infante consistent with the terms of the escrow agreement. Vantage Plus, Delaney, Botero, and the escrow agent thus committed theft in that they knowingly obtained, used, or endeavored to obtain or to use $771,000 that belonged to Infante with the intent to either temporarily or permanently deprive her of her right to the funds.
 

 The defendants failed to respond to the complaint, and the trial court entered defaults against them. The trial court thereafter entered a default judgment in
 
 *680
 
 Infante’s favor. Several defendants subsequently moved to vacate the default judgment, arguing that the complaint failed to state a cause of action. The trial court granted the motion and vacated the default judgment.
 

 The standard of review of an order that vacates a final judgment by default as void for a complaint’s failure to state a cause of action is de novo.
 
 See Rubenstein v. Primedica Healthcare, Inc., 755
 
 So.2d 746, 748 (Fla. 4th DCA 2000). “A default admits every cause of action that is sufficiently well-pled to properly invoke the jurisdiction of the court and to give due process notice to the party against whom relief is sought.”
 
 Bowman v. Kingsland Dev., Inc.,
 
 432 So.2d 660, 662 (Fla. 5th DCA 1983). Furthermore, as we stated in
 
 Becerra v. Equity Imports, Inc.,
 
 551 So.2d 486, 488 (Fla. 3d DCA 1989), a “judgment by default operates as a waiver of any mere formal errors in plaintiffs pleading but does not cure a totally defective complaint or waive errors which go to the foundation of plaintiffs cause of action.” (citing 49 C.J.S. Judgments § 200 at 356 (1947)).
 

 We disagree with the trial court that count I failed to state a cause of action for an accounting based upon certain technical deficiencies of the complaint. Count I stated a cause of action for accounting. Infante detailed at length the nature of the claim filed against the defendants, stated the relief she sought, and she alleged that the defendants had failed and refused to give her the accounting she requested. She also specifically alleged that the “Defendants have failed and refused to return to her $429,000 of her $1,200,000 capital contribution.” The defendants now object to the award of $429,000 because, through their own default, no accounting ever took place. By limiting her damages only to those specifically pled in her complaint and foregoing any claim for profits on her investment, the default final judgment was properly entered, and the trial court thus should have upheld it.
 

 The trial court likewise erroneously concluded that the actions for civil theft in counts II and III failed to state a cause of action because Infante failed to allege a felonious intent to steal. Infante pled the precise language of the criminal theft statute, section 812.014(1), Florida Statutes (2006), which provides in pertinent part:
 

 A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
 

 (a) Deprive the other person of a right to the property or a benefit from the property.
 

 (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
 

 Infante alleged in both counts numerous facts that demonstrated the manner in which the defendants engaged in fraud to ultimately deprive her of her escrow funds. Infante, for example, discussed the defendants’ creation of false evidence to show that she had indeed consented to the release of the escrow funds. Infante thus alleged facts sufficient to plead the statutory requirements that the defendants acted with the felonious intent to steal.
 

 In
 
 Moynet v. Courtois,
 
 8 So.3d 377, 380 (Fla. 3d DCA 2009), we stated that plaintiffs “failure to allege criminal intent is fatal to their cause of action for civil theft. Moreover, there are no other facts alleged from which criminal intent may be implied.” While the words “criminal intent” did not appear on the complaint, it is quite detailed in setting forth how the defen
 
 *681
 
 dants conspired to defraud Infante of her money. We have never required the incantation of magic words, nor voided default judgments on the basis of mere technical errors in pleading.
 
 See, e.g., Lazcar Int’l., Inc. v. Caraballo,
 
 957 So.2d 1191, 1193 (Fla. 3d DCA 2007).
 

 The trial court thus erred when it ruled that the default judgment was void for failure to properly plead the theft counts pursuant to the theft statute. We, therefore, reverse the trial court’s order that vacated the default final judgment.
 

 Reversed and remanded.