DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LESLIE D. McMICHAEL** a/k/a **LESLIE McMICHAEL,**
Appellant,

v.

**DEUTSCHE BANK NATIONAL TRUSTEE COMPANY,**
Appellee.

No. 4D16-3879

[March 14, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Judge; L.T. Case No. 50-2012-CA-009756-MB.

Michael Vater, Kyle M. Costello and Kendrick Almaguer of The Ticktin Law Group, PLLC, Deerfield Beach, for appellant.

Anthony R. Yanez and Nicole R. Topper of Blank Rome LLP, Fort Lauderdale, for appellee.

GROSS, J.

We affirm the final judgment of foreclosure and write to address the circuit court's rejection of the borrower's unclean hands defense.

At trial the borrower testified in her defense. She stated that the original lender's employees appeared at her house one evening at 9:30 p.m. and asked her to sign all of the documents related to the subject note and mortgage, without giving her a chance to review what she was signing. The borrower testified that she reviewed the documents the next day and realized the terms were not consistent with her agreement with the lender.

She further said that she tried to rescind the loan for three days after the employees came to her home, but the messages were left unanswered. When she finally got in contact with the lender, she was informed that nothing could be done because the loan had been funded. The borrower also testified that she stopped making payments on her mortgage because an employee of the loan servicer told her she would need to stop making payments in order to modify her mortgage. On cross-examination, the

borrower conceded that she was not coerced into signing the loan documents.

In the final judgment, the circuit judge rejected the borrower's assertion of the unclean hands defense:

> To the extent [borrower] was in any way misled, any injury or damage was entirely self-inflicted. Despite the late hour, there was little or no credible evidence that [borrower] was in any way coerced into signing anything without the opportunity to read the documents or ask questions. Indeed, she admitted as much, having testified that there was no coercion at the loan closing and that she had no idea what documents she signed at the closing. In fact, she candidly admitted that she failed to pay attention during the closing and that any inaccuracies were her own fault. These inaccuracies would include information which [borrower] claims were falsely inserted into the documents. "Florida adheres to the principle that a party has a duty to learn and know the contents of a proposed contract before he signs it. Therefore, one who signs a contract is presumed to know its contents." *Wexler v. Rich*, 80 So. 3d 1097, 1100-01 (Fla. 4th DCA 2012).

> [Borrower] further argues that [bank] improperly induced her to stop making loan payments in order to obtain a loan modification. The more credible evidence is that she stopped making loan payments because she could no longer afford the payments on this loan and on her mother's mortgage.

> In support of her defense of Unclean Hands, the [borrower] called Jason Harden as an expert witness. However, the court accords little weight to Mr. Harden's testimony, finding that even if qualified, his testimony was suspect, given that he relied solely upon a Comment Log prepared four years earlier and had spoken neither with the [borrower] nor anyone from the [bank]'s office in preparing his audit.

(footnotes omitted).

The circuit court concluded that the borrower failed to carry her burden in establishing the affirmative defense of unclean hands, or any other affirmative defense.

The borrower contends that the judgment of foreclosure was improper because the bank came to the court with unclean hands. She argues that the bank: (1) misled her regarding the terms of the loan, and (2) instructed her to stop paying her mortgage so she could obtain a loan modification, which resulted in this foreclosure action being filed against her.

The facts determined by the circuit court do not approach the level of wrongdoing necessary to support the application of the unclean hands defense. "Unclean hands is an equitable defense that is akin to fraud; its purpose is to discourage unlawful activity." *Cong. Park Office Condos II, LLC v. First-Citizens Bank & Tr. Co.*, 105 So. 3d 602, 609 (Fla. 4th DCA 2013). "To establish a defense of unclean hands, a defendant must have relied on the plaintiff's misconduct." *Wells Fargo Bank, N.A. v. Williamson*, 199 So. 3d 1031, 1035 (Fla. 4th DCA 2016) (citation and quotation marks omitted). "In addition to acting in reliance on the misconduct, the defendant must also prove a harm that was caused by the misconduct." *Id.* (citing *Jelic v. CitiMortgage, Inc.*, 150 So. 3d 1223, 1225 (Fla. 4th DCA 2014)). This court has equated

> "sneaky and deceitful" with "unclean hands". . . . "Equity will stay its hand where a party is guilty of conduct condemned by honest and reasonable men. Unscrupulous practices, overreaching, concealment, trickery or other unconscientous conduct are sufficient to bar relief." 22 Fla. Jur. 2d, Equity, § 50.

*Hensel v. Aurilio*, 417 So. 2d 1035, 1038 (Fla. 4th DCA 1982).

The trial court's rejection of the unclean hands defense is supported by the record. As the trial court observed,

> Florida adheres to the principle that a "party has a duty to learn and know the contents of a proposed contract before he signs" it. *Mfrs.' Leasing, Ltd. v. Fla. Dev. & Attractions, Inc.*, 330 So. 2d 171, 172 (Fla. 4th DCA 1976). Therefore "[o]ne who signs a contract is presumed to know its contents." *Addison v. Carballosa*, 48 So. 3d 951, 954 (Fla. 3d DCA 2010).

*Wexler*, 80 So. 3d at 1100-01 (Fla. 4th DCA 2012). To the extent the borrower was misled, any injury was entirely self-inflicted, as she failed to read the loan documents before signing them.

On the borrower's second claim, there was contradictory testimony at trial concerning the reason she stopped making mortgage payments. The circuit court found "the more credible evidence" to be that the borrower "stopped making loan payments because she could no longer afford the

payments on this loan and her mother's mortgage."  We defer to the circuit court's "well-reasoned equitable findings."  *McCollem v. Chidnese*, 832 So. 2d 194, 196 (Fla. 4th DCA 2002).

GERBER, C.J., and KUNTZ, J., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***