DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NATIONAL LOAN ACQUISITIONS COMPANY,**
Appellant,

v.

**TABERNACLE CHRISTIAN CENTER MINISTRIES, INC.,** a Florida not for profit corporation, **CONGREGACION MESIANICA JERUSALEN, INC.,** a/k/a **JERUSALEM MESSIANIC CONGREGATION, INC.,** a Florida not for profit corporation, **JORGE LOPEZ, CHI ALARMS, INC.,** a Florida corporation, and **UNKNOWN TENANT(S) IN POSSESSION,**
Appellees.

No. 4D2023-1692

[November 13, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mark A. Speiser, Judge; L.T. Case No. CACE19010632.

Randall Burks and Robin Bresky of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellant.

Roy R. Lustig of the Law Offices of Roy R. Lustig, P.A., Aventura, for appellee Congregacion Mesianica Jerusalen, Inc.

KLINGENSMITH, C.J.

Appellant National Loan Acquisitions Company ("NLAC") appeals the final judgment entered in favor of appellees Tabernacle Christian Center Ministries, Inc. and Congregacion Mesianica Jerusalen, Inc. ("the defendants"). This appeal arises from NLAC's mortgage foreclosure action against the defendants and others who are not relevant to the issues raised on appeal. The trial court entered final judgment in the defendants' favor based on its order granting the defendants' motion for sanctions and adjudication of contempt pursuant to Florida Rule of Civil Procedure 1.510(g). NLAC raises several arguments on appeal, including: (1) the final judgment is void; (2) the trial court erroneously adopted Tabernacle's proposed order verbatim without a thoughtful and independent analysis of the facts, issues, and law; and (3) the imposition of final judgment in

the defendants' favor is an unduly harsh sanction.  We agree with these three arguments and reverse.

## Facts

NLAC filed a verified complaint and amended verified complaint for foreclosure against the defendants alleging that Tabernacle defaulted under the terms of the loan documents by failing to make required payments.  NLAC named Congregacion as a defendant because Congregacion holds a subordinate interest in the subject property.  NLAC's Senior Vice President, Paul W. Peerboom, completed the verification attached to both versions of the complaint and swore that the verifications were made based on his personal knowledge and his review of NLAC's files and business records.

The defendants both moved to dismiss NLAC's amended verified complaint because the complaint alleged an incorrect default date.  The trial court granted NLAC leave to file a second amended verified complaint identifying the correct default date.

The issues under review in this appeal pertain to NLAC's amended motion for summary judgment against Tabernacle, Congregacion, and all other defendants.  NLAC argued the undisputed evidence established that NLAC had complied with all the necessary requirements to enforce its rights under the loan documents.  NLAC filed the affidavit of Peerboom attesting to various facts in support of its motion.

In response, Tabernacle moved for sanctions and an adjudication of contempt against NLAC under Florida Rule of Civil Procedure 1.510(g), alleging that NLAC had filed a false affidavit to obtain summary judgment in bad faith.  Specifically, Tabernacle alleged that Peerboom's statement in his affidavit that he had "personally reviewed the file and records to ensure accuracy of the information contained therein . . ." was false.  Tabernacle argued that its note and mortgage have a long history of both ownership interests and servicing rights amongst various institutions, which "create[s] evidentiary hurdles for summary judgment." Tabernacle further argued that "[a]ny attempt to overcome these hurdles by a false affidavit would violate the doctrine of unclean hands and would warrant an adjudication of contempt under Fla. R. Civ. P. Rule 1.510(g)." Tabernacle claimed that "Mr. Peerboom took no actions that could ensure the accuracy of, or detect errors in, the prior servicers payment histories," and thus the alleged false statement warranted sanctions under rule 1.510(g)

2

and barred NLAC from receiving the equitable relief of foreclosure. Congregacion later joined in Tabernacle's motion for sanctions.

The trial court held a hearing on the defendants' motion for sanctions where it orally announced its determination that Peerboom had not intentionally committed perjury, and thus should not be held in contempt or sanctioned. However, the trial court was concerned that NLAC, in support of its complaint, had filed two affidavits listing the wrong default date. The trial court then dismissed the case with prejudice based on the defendants' sanctions motion. However, after the hearing, the trial court entered a written order that deferred ruling on the defendants' motion for sanctions until NLAC's motion for summary judgment was resolved.

NLAC moved to disqualify the trial court, alleging that it feared it would not receive a fair trial or hearing due to "numerous prejudicial and inappropriate communications" made by Tabernacle's counsel to the trial court. The trial court granted NLAC's motion and ordered that the case be reassigned to a different civil division.

NLAC subsequently filed a second amended motion for summary judgment with supporting affidavits, including one again submitted by Peerboom. Additionally, the defendants' motion for sanctions was set for a new evidentiary hearing before a different judge. At the conclusion of that hearing, the trial court stated that it had some major concerns regarding NLAC but did not otherwise make any oral findings. The trial court requested that both sides provide proposed orders, and Tabernacle submitted its proposed order granting the motion for sanctions several days later.

The trial court signed Tabernacle's fourteen-page proposed order *the day after receiving it, without making any changes.* The order determined, among other things, that NLAC had violated the covenant of good faith and fair dealing by acting with bad faith and unclean hands *during settlement negotiations.* The order found that NLAC had violated the covenant of good faith and fair dealing by rejecting Tabernacle's two payments to reinstate the loan and demanding an additional payment to reinstate the loan without a good faith legal basis. The order also found that Peerboom's certifications of NLAC's first two complaints were false because the first two complaints contained an incorrect default date, and that Peerboom's summary judgment affidavit was also false. The order concluded that the defendants had established that NLAC should be adjudicated guilty of contempt for filing a false affidavit in support of summary judgment and referred the matter to the Florida Bar, the Broward State Attorney's Office,

3

and the Florida Attorney General's Office for further investigation. Finally, the order struck NLAC's mortgage from the public records and concluded that NLAC had unclean hands and acted in a manner that reasonable and honest people should condemn.

NLAC filed several motions to obtain clarification, to request reconsideration or rehearing, and to vacate or amend the order granting the defendants' motion for sanctions. At the hearing on those motions, NLAC asked for clarification of the portion of the order referring the matter to the Florida Bar, the Broward State Attorney's Office, and the Florida Attorney General's Office. The trial court asked Tabernacle's counsel why it was necessary to include this provision in the order granting the motion for sanctions. The trial court ultimately stated it would be striking that portion of the order because there was no basis for criminal contempt *and apologized for failing to remove that provision.*

NLAC's counsel also argued that the trial court was not able to strike NLAC's mortgage from the public records because the defendants had not requested such relief. *The trial court responded that it had to rely on counsel and did not have the benefit of the record of the entire case when it had received the proposed order* and asked the defendants' counsel to identify where the record showed they had asked to strike the mortgage from the public records. The trial court ultimately ordered that the provision striking the mortgage from the public records be removed from its order granting the motion for sanctions.

Finally, NLAC's counsel asked the trial court to clarify whether it had intended to sanction NLAC for including the incorrect default date in the first two versions of the verified complaint. The trial court concluded that the inclusion of the incorrect date may have been the result of Peerboom's negligence but did not rise to the level of fraud. During the hearing, Tabernacle's counsel continued to make arguments regarding settlement negotiations, to which NLAC objected. Despite signing an order finding that NLAC had acted in bad faith during settlement negotiations, the trial court responded that if counsel was referencing settlement negotiations, it could not hear it.

After the hearing on NLAC's various motions, the trial court entered its "Final Judgment in Favor of Defendants and Order Amending the Order on Defendant's Motion for Adjudication of Contempt Pursuant to Fla. R. Civ. P. Rule 1.510(g) for Filing a False Affidavit to Obtain Summary Judgment in Bad Faith." The final judgment modified the order granting the motion for sanctions by striking the part of the order referring the

4

matter of NLAC's contempt to the Florida Bar, the Broward State Attorney's Office, and the Florida Attorney General's Office. The final judgment also removed the provision in the order purporting to strike NLAC's mortgage from the public records. Finally, the final judgment clarified the trial court's previous finding regarding NLAC's inclusion of the incorrect default date in the verified complaint and amended verified complaint and found that the incorrect date had been included in the pleadings because of an oversight that did not amount to fraud. Nonetheless, the trial court explained that it was entering judgment in favor of the defendants based on its order granting the defendants' motion for sanctions. NLAC subsequently moved for rehearing or to alter the final judgment, which the trial court denied. This appeal follows.

## Analysis

### A. The final judgment and order granting the defendants' motion for sanctions are void.

"Whether a judgment is void is a question of law reviewed de novo." *Vercosa v. Fields*, 174 So. 3d 550, 552 (Fla. 4th DCA 2015) (citing *Infante v. Vantage Plus Corp.*, 27 So. 3d 678, 680 (Fla. 3d DCA 2009)). A judgment is void if it is "so defective that it is deemed never to have had legal force and effect." *Id.* (quoting *Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n*, 968 So. 2d 658, 665 (Fla. 2d DCA 2007)). For example, a judgment is void if the trial court violates the due process guarantee of notice and an opportunity to be heard in the proceedings leading up to the judgment. *Tannenbaum v. Shea*, 133 So. 3d 1056, 1061 (Fla. 4th DCA 2014) (quoting *Shiver v. Wharton*, 9 So. 3d 687, 690 (Fla. 4th DCA 2009)). Granting relief that was neither requested by the appropriate pleadings nor tried by consent violates due process. *Wachovia Mortg. Corp. v. Posti*, 166 So. 3d 944, 945-46 (Fla. 4th DCA 2015). As a result, a judgment is void if it grants relief outside the pleadings. *See id.* at 945.

This due process requirement also applies to motions. *See Eadie v. Gillis*, 363 So. 3d 1115, 1117 (Fla. 5th DCA 2023); *Nationstar Mortg., LLC v. Weiler*, 227 So. 3d 181, 183-84 (Fla. 2d DCA 2017). Florida Rule of Civil Procedure 1.100(b) provides that "[a]n application to the court for an order must be by motion which must be made in writing unless made during a hearing or trial, must state with particularity the grounds for it, and must set forth the relief or order sought." Although rule 1.100(b) permits a party to make an oral motion during a hearing or trial, "a trial court may violate a party's 'due process rights by hearing and determining matters that were not the subject of appropriate notice.'" *Weiler*, 227 So. 3d at 183.

5

NLAC argues the trial court's final judgment and order on contempt are void because both granted relief that the defendants never requested and considered issues that were not raised in the motion for sanctions or tried by consent. We agree.

The trial court's final judgment awards relief in part based on the finding that NLAC had violated the covenant of good faith and fair dealing during settlement negotiations. However, the only issue raised in the defendants' motion was that NLAC had submitted Peerboom's false affidavit in bad faith to support its motion for summary judgment, which entitled the defendants to sanctions under rule 1.510(g). The defendants also argued that NLAC was not entitled to the equitable remedy of foreclosure because NLAC had acted in bad faith by filing the affidavit and thus had unclean hands.

The defendants' motion did not allege that NLAC had violated the covenant of good faith and fair dealing during settlement discussions. The defendants' motion did not even reference the covenant of good faith and fair dealing or settlement discussions. NLAC was not placed on notice that the defendants were seeking sanctions in part due to NLAC's alleged violations of the covenant of good faith and fair dealing during settlement negotiations. These matters appeared for the first time in the proposed order submitted by Tabernacle that was signed verbatim by the trial court.

Because NLAC did not have adequate notice of the defendants' argument that NLAC had violated the covenant of good faith and fair dealing during settlement negotiations, the trial court violated NLAC's procedural due process rights by admitting evidence on these issues, making findings on these issues, and awarding relief based on those findings in its final judgment and order granting sanctions. *See Weiler*, 227 So. 3d 183; *Eadie*, 363 So. 3d at 1117. This violation of due process in the proceedings leading to the trial court's entry of the final judgment renders the final judgment void. *See Tannenbaum*, 133 So. 3d at 1061.

**B. The trial court adopted Tabernacle's proposed order verbatim without a thoughtful and independent analysis in violation of NLAC's due process rights.**

Before a trial court accepts one party's proposed judgment verbatim, the court must afford the other party an opportunity to comment on and object to the proposed judgment. *See Perlow v. Berg-Perlow*, 875 So. 2d 383, 390 (Fla. 2004). In *Perlow*, the trial court adopted a lengthy proposed

final judgment shortly after closing argument, without making any modifications, and without providing the appellant an opportunity to review or object to the proposed final judgment. *See id.* at 385-86. The trial court also failed to give the appellant an opportunity to submit his own proposed final judgment and did not make any findings of fact or state any conclusions of law on the record that were contained in the signed order. *See id.* at 385, 387. The Florida Supreme Court quashed the final judgment, explaining that the trial court's adoption of the proposed final judgment so shortly after it was submitted without making any changes, without having made findings on the record, and without providing the appellant an opportunity to comment or object, created an appearance of impropriety. *See id.* at 389-90.

Similarly, the trial court in this case did not make any findings at the hearing on the defendants' motion for sanctions and then signed Tabernacle's fourteen-page proposed order just one day after receiving it. In response to NLAC's argument that the trial court's order should not have included a provision striking the mortgage from the public record, the trial court said on rehearing:

> Yes. I have to rely on counsel. And obviously, this is one of the thousands of cases that I have. I didn't have the benefit of the transcript of the entire case in front of me when I had this proposed order.

Ultimately, the trial court removed the provision striking NLAC's mortgage as well as other items from its order and stated:

> I said that with respect to the – that portion of the order which says striking the – striking the mortgage at this time, that's going to have to be deleted.

> Because I assumed when you – you know, I didn't have the pleadings in front of me. I didn't have all the transcripts of everything. You know, and so I relied . . . and I'm not suggesting you made a misrepresentation. . . . .

> All I'm saying is that from what I'm hearing here today it wasn't in the pleadings. You have to – you know, the cases you cited is what I understand in the laws. You have to detail with specificity what remedies you are seeking.

Further, in response to NLAC's request for clarification as to whether the trial court intended for its order to refer NLAC's counsel to the Florida Bar, the Broward State Attorney's Office, and the Florida Attorney General's Office, the trial court asked Tabernacle's counsel why it was necessary to include such a provision in the order. The trial court ultimately concluded that it had never made a finding of criminal contempt and struck that portion of its order. In doing so, the trial court explained:

> And I apologize for leaving that in there. That shouldn't have been left in there, because there's no basis here for me to suggest this is contemplated as criminal contempt that would need to have it referred to the Broward County State Attorney's Office, or the Florida Attorney General's Office for further investigation.
>
> And with respect to referring this matter to the Florida Bar, that's something that as far as I'm concerned if the individual attorney wants to do that, that's fine. But the Court is not going to under these circumstances.

Based on the trial court's comments about the contents of its signed order, in conjunction with the fact that the trial court did not articulate any factual findings at the hearing and then signed the proposed order only one day after receiving it, we find that the order violated NLAC's due process rights. Additionally, the fact that the proposed order makes findings that were improper for the trial court's consideration, and grants relief never requested by the defendants in their motion for sanctions or at the hearing all create the appearance that the trial court did not independently consider the merits of the case. *See King v. King*, 363 So. 3d 1099, 1100-01 (Fla. 4th DCA 2023) ("A trial court's adoption of a proposed order verbatim constitutes reversible error where it appears the court did not exercise independent decision-making."). The lack of a transcript or trust in an attorney's submission of a proposed order are insufficient reasons to justify a court's failure to exercise independent judgment.

## C. The entry of final judgment in the defendants' favor is an unduly harsh sanction.

Finally, even if the trial court did not err by granting the defendants' motion for sanctions, we find that the entry of final judgment against NLAC as a sanction was an unduly harsh one. A trial court's order imposing sanctions is reviewed for an abuse of discretion. *Cousins v. Duprey*, 325

So. 3d 61, 71 (Fla. 4th DCA 2021) (quoting *Bennett v. Berges*, 50 So. 3d 1154, 1159 (Fla. 4th DCA 2010)). An appellate court will uphold a trial court's ruling under the abuse of discretion standard unless it is found to be "arbitrary, fanciful, or unreasonable," such that no reasonable person would take the view adopted by the trial court. *Glob. Lab Partners, LLC v. Patroni Enters., LLC*, 327 So. 3d 453, 456 (Fla. 1st DCA 2021) (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)). The record must contain competent, substantial evidence supporting the trial court's findings regarding the imposition of sanctions. *See Bath Club Entm't, LLC v. Residences at the Bath Club Maint. Ass'n, Inc.*, 348 So. 3d 16, 20 (Fla. 3d DCA 2022); *Dawn To Dusk, Inc. v. Hillsboro-Lyons Invs., Ltd.*, 801 So. 2d 283, 284 (Fla. 4th DCA 2001).

A sanction award may amount to an abuse of discretion if a lesser sanction would have adequately addressed the prejudice caused by the alleged misconduct. *See Cousins*, 325 So. 3d at 75 (citing *Perez v. Safepoint Ins. Co.*, 299 So. 3d 1087, 1090–91 (Fla. 3d DCA 2019)). In *Cousins*, we reversed a sanctions order entered against two defense attorneys during a medical malpractice trial, which had awarded the plaintiff $271,487 in attorney's fees. *Id.* at 64-65, 70. The trial court entered the sanctions order against the attorneys because the attorneys had failed to notify the plaintiff's attorney that their client had falsely testified during his deposition to gain an unfair advantage at trial. *Id.* at 70. We held in relevant part that the less severe sanction of limiting testimony at trial would have remedied any perceived prejudice to the plaintiff, and explained that "[f]actual inconsistencies, even false statements [,] are well managed through the use of impeachment and traditional discovery sanctions." *Id.* at 75 (quoting *Gilbert v. Eckerd Corp. of Fla., Inc.*, 34 So. 3d 773, 776 (Fla. 4th DCA 2010)).

The defendants argue the entry of final judgment against NLAC was not an unduly harsh sanction because NLAC acted with unclean hands. This Court has observed that "[e]quity will stay its hand where a party is guilty of conduct condemned by honest and reasonable men. Unscrupulous practices, overreaching, concealment, trickery, or other unconscientous [sic] conduct are sufficient to bar relief." *Hensel v. Aurilio*, 417 So. 2d 1035, 1038 (Fla. 4th DCA 1982). However, "[d]enying access to the court based on the doctrine of unclean hands is an extreme sanction which ought to be invoked under only the most provocative or contumacious circumstances. It is tantamount to striking a party's pleadings." *MTGLQ Invs., L. P. v. Moore*, 293 So. 3d 610, 615 (Fla. 1st DCA 2020) (quoting *Hitt v. Hitt*, 535 So. 2d 631, 634 (Fla. 4th DCA 1988)).

"Unclean hands is an equitable defense that is akin to fraud; its purpose is to discourage unlawful activity." *McMichael v. Deutsche Bank Nat'l Tr. Co.*, 241 So. 3d 179, 181 (Fla. 4th DCA 2018) (quoting *Cong. Park Office Condos II, LLC v. First–Citizens Bank & Tr. Co.*, 105 So. 3d 602, 609 (Fla. 4th DCA 2013)). We have equated unclean hands with conduct that is sneaky and deceitful. *Id.* (quoting *Hensel*, 417 So. 2d at 1038). A defendant must have relied on the plaintiff's misconduct and been harmed by the misconduct to establish the defense of unclean hands. *Id.*

No competent substantial evidence establishes that NLAC acted with unclean hands by filing Peerboom's summary judgment affidavit in bad faith because there is no evidence that the defendants relied on Peerboom's affidavit. Additionally, competent substantial evidence does not establish that NLAC acted with unclean hands by submitting Peerboom's allegedly false verifications of the first two complaints containing the incorrect default date. The trial court clarified in its final judgment that the inclusion of the incorrect default date was an oversight that did not constitute fraud. An "oversight" is not the sort of sneaky, deceitful, or fraudulent conduct that amounts to unclean hands. Further, no evidence shows that the defendants were harmed by Peerboom's verification of the complaints containing the incorrect default date.

## Conclusion

We vacate both the final judgment and the order on the motion for sanctions upon which the final judgment was based. In an abundance of caution, and because the trial court initially made rulings that could be seen as prejudicial to NLAC, with actions or remarks suggesting an appearance of impropriety on their part, we also order that a different judge shall be assigned to the case on remand. *See Osteen v. State*, 12 So. 3d 927, 929 (Fla. 2d DCA 2009) ("Because [the trial judge] has already ruled that Osteen's claim is without merit and a reasonable person in Osteen's position might well fear that [the trial judge] would not fairly and impartially determine this claim, a different judge shall be assigned to the case on remand.").

*Reversed and remanded.*

DAMOORGIAN and LEVINE, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

10